IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOREN JAMES RIDER,<br><br>Defendant. | CR 16-17-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I.  Synopsis

Mr. Rider was accused of violating his conditions of supervised release by 1) failing to live at the location approved by his probation officer, 2) failing to participate in a substance abuse treatment program, and 3) failing to comply with the Violent Offender Registration requirements.  He admitted to Violation 2, and the United States dismissed Violations 1 and 3.  Mr. Rider's supervised release should be revoked.  Mr. Rider should be sentenced to three months in custody, with thirty-three months of supervised release to follow.

## II.  Status

On August 10, 2016, United States District Court Judge Brian Morris

1

sentenced Mr. Rider to twenty-five months in custody, with thirty-six months of supervised release, after Mr. Rider pled guilty to Assault Resulting in Serious Bodily Injury. (Doc. 96). He began his term of supervised release on January 26, 2018.

On March 13, 2018, the United States Probation Office filed a Report of Offender under Supervision, notifying the Court that Mr. Rider had used illicit drugs and alcohol. (Doc. 117). Mr. Rider was allowed to remain on supervised release to address his substance abuse issues.

**Petition**

On April 23, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Rider's supervised release. The petition alleged that on April 10, 2018, the Probation Office conducted a home visit to Mr. Rider's reported residence, where the residents advised that Mr. Rider had not stayed at the residence in approximately two weeks. At the time of the petition, Mr. Rider's whereabouts were unknown. The petition also alleged that Mr. Rider failed to report for substance abuse treatment on April 4, 11, and 18, 2018. Finally, the petition alleged that because Mr. Rider did not advise the Probation Office of his moving, he was in non-compliance with the Violent Offender Registry requirements. (Doc. 118). Based on the petition, Judge Morris issued a warrant

for Mr. Rider's arrest.  (Doc. 119).

### Initial appearance

Mr. Rider appeared before the undersigned on May 1, 2018, in Great Falls, Montana.  Federal Defender David Ness accompanied him at the initial appearance.  Assistant United States Attorney Jessica Betley represented the United States.

Mr. Rider said he had read the petition and understood the allegations.  Mr. Rider waived the preliminary hearing, and the parties consented to the jurisdiction of a magistrate judge for the revocation hearing.

### Revocation hearing

At the revocation hearing, Mr. Rider admitted to Violation 2 as alleged in the petition.  Violations 1 and 3 were dismissed by motion of the United States.  Therefore, the United States has met its burden with respect to Violations 2 through Mr. Rider's admission.  The admitted violation is serious and warrants a sanction.

Mr. Rider's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony.  He could be incarcerated for up to twenty-four months.  He could be ordered to remain on supervised release for up to thirty-six months, less any custodial time imposed.  The United States Sentencing

Guidelines call for six to twelve months in custody.

Mr. Ness requested that Mr. Rider receive a sentence of time-served, noting that this was Mr. Rider's first revocation, he had served some time in prison, and that he recognizes he must comply with conditions. Mr. Rider addressed the Court and stated that he took it upon himself to request a drug evaluation while on supervised release, and that he had a tough time getting into the flow of things since being released from prison for the underlying offense. Ms. Betley recommended a low-guideline sentence of six months, noting that Mr. Rider had already been given a chance with the 12(c) report which had not led to a revocation.

### III. Analysis

Mr. Rider's supervised release should be revoked because he violated its conditions. He should be sentenced to a term of three months, with thirty-three months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Rider was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained

that Judge Morris would consider Mr. Rider's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Rider's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Rider violated the conditions of his supervised release by failing to participate in substance abuse treatment on April 4, 11, and 18, 2018.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Rider's supervised release and committing Mr. Rider to the custody of the United States Bureau of Prisons for three months, with thirty-three months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of May, 2018.

_____
John Johnston
United States Magistrate Judge